## Emillani's License

A. L. Casey and M. A. Pinkus, for petitioners.
Ellis Berger and J. F. Brady, for respondent.

HOBAN, J., June 30, 1937.—This is a petition to revoke a retail dispenser's license issued to Ricardo Emillani by the County Treasurer of Lackawanna County under the provisions of the Beverage License Law of July 18, 1935,

P. L. 1217. It is brought, pursuant to the provisions of the Beverage License Law, by 15 taxpayers, residents of the ward in which the business is located. The ground upon which the petition is based is that the premises are located in "B" zone, as established by the City of Scranton zoning ordinance of 1924, and that the use of the premises as a restaurant or beer garden is a prohibited use under the provisions of said zoning ordinance: See Scranton Digest, Mattes, page 386. The licensee moves to dismiss the petition for the reason that the petition does not set forth sufficient cause for the revocation of the license.

Section 6 of the Beverage License Law, as amended, provides as follows, inter alia:

"a. Subject to the restrictions hereinafter provided, the treasurer shall issue to a person who conducts a reputable hotel, or any reputable incorporated club, or a reputable, bona fide eating place where food is regularly and customarily prepared and sold, and who makes application upon a form as hereinafter prescribed, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a retail dispensers license for such place."

It will be seen, therefore, that a retail dispenser's license under the provisions of the law may be issued only to a licensee who is primarily engaged in the conduct of a hotel, club, or restaurant. The treasurer has no discretion in the matter, providing the conditions as to repute, payment of fee, filing of bond, residence, citizenship, etc., are properly met, but cannot grant to one who is not engaged primarily in another business. In the present instance the license was issued to respondent for premises equipped as a restaurant, and on proof that the business to be conducted concurrently with the sale of malt liquors was a restaurant business.

The zoning ordinance of 1924 provides a system of regulations for the purpose of regulating and restricting the locations of trades and industries and the location of buildings designed for specific uses. If an objection is to

be taken under the zoning ordinance to the use of any place for the purpose of dispensing malt liquors, it must be taken first to the primary business use, and in our opinion must be prosecuted in accordance with the provisions of the zoning ordinance and the laws under which the zoning ordinance derives its validity. In 1924 the sale of intoxicants of any character was prohibited by the eighteenth amendment to the Constitution of the United States, and nowhere in the zoning ordinance is there a reference to the business of selling intoxicants as beverages as either a prohibited or permissive use. With repeal of the prohibition amendment and the enactment of the liquor control laws and beverage license laws by the State of Pennsylvania, the sale of intoxicants is no longer a generally prohibited use. Nor is the sale of a malt beverage a prohibited use under any section of the zoning ordinance. What is prohibited in "B" zone is a use other than those specifically set forth in section 8 of the zoning ordinance, which does not include restaurants of this character. If the use of the premises for the sale of malt beverages alone was ground for a revocation of the license because such use violated the provisions of the zoning ordinance, the same argument could be applied to every zone except "E" zone, which is the only one which authorizes uses not specifically permitted for the four other zones. It is obvious that such a construction of the ordinance would be absurd, since the primary use, the restaurant business, is specifically permitted in "D" zones, may become a use by consent in "C" zone, or may continue as a nonconforming use in any zone if the structure was used for the purpose prior to the passage of the zoning ordinance.

We are, therefore, returned to the proposition that the use of the premises as a restaurant in violation of the zoning ordinance is the real offense, but this court has no power to prohibit such use unless the proper remedies provided under the zoning ordinance to prevent such use are first invoked. The zoning ordinance derives its au-

thority from the Act of June 21, 1919, P. L. 570, as amended by the Act of May 11, 1921, P. L. 503, and further supplemented by the Act of May 1, 1923, P. L. 122. Section 2 of the Act of 1919, as amended by section 2 of the Act of 1921, provides, inter alia:

"And provided further, That all ordinances passed under the terms of this act shall be enforced by such officer of the city as may be designated by ordinance; and that, upon the application of any aggrieved person, the action or actions of such officer may be reviewed, and affirmed, modified, or reversed, by a board of appeal of three (3) members, one of whom shall be a member of the city planning commission; the said board of appeal and the procedure and the method of such application for review to be provided for by ordinance."

Sections 47 and 48 of the ordinance provide methods of enforcing the ordinance and punishment for violations. In this case there is no allegation or averment that the powers of the proper city officials under the zoning ordinance have been appealed to or refused, and in the absence of such action the court may not prohibit the use of property for an otherwise lawful use. To hold otherwise would authorize an invasion of the regulatory powers of the city over the conduct of trades and business, a step which this court does not feel justified in undertaking. In other words, we are of the opinion that the propriety of using any structure for the business of conducting a restaurant in the City of Scranton is one to be determined by the proper city authorities in accordance with the provisions of the zoning ordinance, and is not for the determination of either the county treasurer or the courts, except by way of appeal from the action of the board of zoning appeals, if taken in conformity with law.

For the reasons above stated, we are of the opinion that the facts set forth in the petition to revoke do not present sufficient cause upon which a revocation could be based.

Now, June 30, 1937, the petition to revoke retail malt liquor license issued to Ricardo Emillani, for premises

1510 Farr Street, in the City of Scranton, Lackawanna County, is dismissed, the costs to be paid by petitioners.